**Searle MOULTON, Plaintiff-Appellee,**

v.

**Leon STEVENS and Hess Oil & Chemical Corp., Defendants-Appellants.**

**No. 20, Docket 31117.**

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1967.

Decided Sept. 21, 1967.

Joseph S. Wool, Burlington, Vt., for plaintiff-appellee.

Donald M. French, Rutland, Vt. (Lawrence Miller, Rutland, Vt., on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

This appeal by the defendants from a jury verdict of $8,000 for the plaintiff in a diversity action for damages sustained in an automobile accident in Burlington, Vermont, raises the question whether the trial judge should have directed a verdict for the defendant on the ground that the plaintiff's contributory negligence had been established as a matter of law.

The plaintiff's testimony disclosed that he was temporarily blinded by the sun but did not immediately stop or reduce speed. When he did apply his brakes it was too late to prevent his crashing into the right front of the truck, owned by Hess Oil & Chemical Corp. and driven

by Leon Stevens, which was turning left and moving across the plaintiff's lane. In the absence of any expert or other testimony as to whether the plaintiff could have stopped his car in time on the slippery and wet street when it should have become apparent to the plaintiff that the truck was moving into his lane, a maneuver which was not necessary, the issue of contributory negligence was for the jury. We see no reason to disturb the verdict rendered after instructions regarding which the appellants made no complaint.

Judgment affirmed.